UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian O,[1]

Plaintiff,

v.

Andrew Saul,
Commissioner of Social Security,

Defendant.

Case No. 14-cv-4244 (LIB)

**ORDER**

This matter comes before the undersigned United States Magistrate Judge upon Plaintiff Brian O.'s Motion for Attorney Fees Under 42 U.S.C. § 406(b). [Docket No. 22]. After the present Motion was fully briefed by the parties, the Court took Plaintiff's Motion under advisement on the written submissions of the parties. (Order [Docket No. 28]).

Plaintiff moves the Court for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $15,873.15. (See, Plf.'s Mot. for Attorney Fees [Docket No. 22]). As Defendant acknowledges, the Commissioner of the Social Security Administration "has no direct financial stake in the answer to the 406(b) question; instead [he] plays a part in the fee determination resembling that of a trustee for the claimants," and Defendant proffers no direct opposition to the present Motion. (Def.'s Mem. [Docket No. 26]).

The Social Security Act, 42 U.S.C. § 406 (b)(1)(A), provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Order. Accordingly, where the Court refers to Plaintiff, only his first name and last initial will be provided in this Order.

42 U.S.C. § 406 (b)(1)(A).

On April 20, 2015, upon stipulation of the parties and pursuant to sentence 4 of 42 U.S.C. § 405(g), the Honorable Jeffrey J. Keyes, Magistrate Judge for the United States District Court, District of Minnesota, remanded the present case back to the Commission of the Social Security Administration.[2] On June 22, 2015, Judge Keyes awarded Plaintiff attorney's fees in the amount of $2,305.84, pursuant to the Equal Access to Justice Act. (Order [Docket No. 21]).[3]

On September 25, 2019, the Commissioner issued an Award Notice indicating that Plaintiff was entitled to $63,492.50 in back benefits. (Award Notice [Docket No. 24]). The Social Security Administration withheld $15,873.13 of Plaintiff's award of back benefits in the event attorney's fees needed to be paid. (Id.).

Therefore, the record presently before the Court clearly establishes that Plaintiff received favorable judgment as required by 42 U.S.C. § 406 (b)(1)(A). In addition, Defendant fails to argue the parties' prior stipulation to remand is anything other than a favorable judgment as required by 42 U.S.C. § 406 (b)(1)(A). (See, Def.'s Response [Docket No. 26]). Courts in this District have consistently determined that a stipulation to remand to the Social Security Administration pursuant to sentence 4 of 42 U.S.C. § 405(g) is a favorable judgement as required by 42 U.S.C. § 406 (b)(1)(A). See, Garcia v. Colvin, 15-cv-2056 (LIB), Order [Docket No. 24] (D. Minn. Mar. 6, 2017). Plaintiff has accordingly shown he is entitled to an award of attorney's fees under 42 U.S.C. § 406(b).

In support of the amount requested for the fee award, Plaintiff's counsel submitted a contingent fee Retainer Agreement which was signed by Plaintiff. (Retainer Agreement [Docket

---

[2] The present action was originally assigned to Judge Keyes. However, upon Plaintiff filing the current Motion, the present action was reassigned to the undersigned due to the prior retirement of Magistrate Judge Keyes.
[3] In the present Motion, Plaintiff's counsel acknowledged that if the present request for fees is approved, "the EAJA fees awarded in this case" will "be refunded by" Plaintiff's counsel to Plaintiff. (Plf.'s Mot., [Docket No. 22], at 2).

No. 24-1). The Contingency Fee Retainer provided that Plaintiff's attorney fee would be 25% of all back benefits awarded in his case. (Retainer Agreement [Docket No. 24-1]).

In support of Plaintiff's prior motion for attorney fee pursuant to the EAJA, Plaintiff's counsel submitted an itemized list of the time Plaintiff's counsel spent representing Plaintiff. (Plf.'s Mem. [Docket No. 17]; Itemized Time Record [Docket No. 18-1]). Plaintiff's counsel's time itemization provides that counsel spent 17.5 hours representing Plaintiff in the present case at the Federal Court level.

As Defendant points out, Section 406(b) requires the Court to review contingent fee agreements in Social Security cases "to assure they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (1992). Contingency fee agreements are unenforceable when they provide for fees in excess of 25% of the past due benefits; however, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. Notwithstanding a contingency fee agreement, a reduction in the fee amount may be appropriate where the legal representation was substandard, counsel was responsible for a delay which increased the past due benefits fund from which the fee was payable, or if benefits were too large in comparison to the amount of time counsel spent on the case. Gisbrecht, 535 U.S. at 807.

As observed above, the present Motion seeks attorney fees in the amount of 15,873.13, and Plaintiff's counsel previously indicated that he spent 17.5 hours representing Plaintiff in the present case at the Federal Court level. The requested fee amount is an effectively hourly rate of $907.04. While that figure may on its face initially appear high, Courts considering similar motions for contingent attorneys' fees pursuant to 42 U.S.C. § 406(b) have approved effective hourly rates in excess of $1,100.00. See, Smith v. Astrue, No 6-cv-2091 (ADM/AJB), 2008 WL 2609443, at *4 (D. Minn. June 24, 2008); Massie v. Colvin, No. 14-cv-2888 (SRN/FLN), 2016

WL 4925782, at *1 (D. Minn. Sept. 15, 2016); Weed v. Colvin, No. 2:14-cv-271 (JHR), 2016 WL 3919849 (D. Me. July 15, 2016); Beaulieu v. Colvin, No. 1:10-cv-454 (GZS), 2016 WL 675646, at *3 (D. Me. Jan. 28, 2016).

Moreover, there is no indication in the record now before the Court that Plaintiff's counsel's work representing Plaintiff was in any way substandard. Similarly, there is no indication in the record now before the Court that Plaintiff's counsel contributed to any unreasonable delay which increased the past due benefits fund from which the fee is payable. In fact, only three months passed between the time Defendant filed the administrative record in the present case and the time the parties entered a stipulation to remand the present case to the Commissioner of the Social Security Administration.

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein, the Court finds Plaintiff's counsel's requested contingent fee is reasonable and appropriate, and that Plaintiff's counsel is entitled to an award of $15,873.15 in attorney fees.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), [Docket No. 22], is **GRANTED**;

2. Plaintiff's counsel shall be awarded attorney's fees in the amount of $15,873.15; and

3. Upon receipt of the presently awarded attorney's fees, Plaintiff's counsel shall refund the previously awarded EAJA fees, in the amount of $2,305.84, to Plaintiff.

Date: July 1, 2020               s/ Leo I. Brisbois
                                 Hon. Leo I. Brisbois
                                 U.S. MAGISTRATE JUDGE